UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Cause No. 3:09-cr-00112-RLM |
| ) | |
| JOHN R. HARRIS ) | |

**PETITION TO ENTER A GUILTY PLEA**

The defendant above named respectfully represents to the Court as follows:

1.  My full true name is JOHN R. HARRIS, and I request that all proceedings against me be had in the name which I here declare to be my true name.

2.  I was born in the United States of America. I attended school and have the ability to read, write, and speak the English language.

3.  I am represented by counsel. My lawyer's name is David P. Jones.

4.  I have received a copy of the Superceding Indictment filed March 9, 2011, and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case.

5.  I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment and believe and feel that my lawyer is fully informed as to all such matters. My lawyer has since informed me and has counseled and advised with me as to the nature and cause of every accusation against me

and as to any possible defenses I might have in this case.

    6.    I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

    7.    I understand that I have a right to plead NOT GUILTY to any offense charged against me, and that under a plea of NOT GUILTY the Constitution guarantees me:

    (a)    the right to be indicted by a grand jury upon probable cause;

    (b)    the right to a speedy and public trial by a twelve-person jury of my peers, selected according to law, in the Northern District of Indiana which must return a unanimous verdict of GUILTY before I can be convicted;

    (c)    the right to be released on reasonable bail until my trial occurs;

    (d)    the right to see, hear and cross-examine all the witnesses against me at my trial;

    (e)    the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses, in my favor at my trial;

    (f)    the right to the assistance of counsel at every stage of the proceedings, including upon appeal if need be;

    (g)    the right not to testify without prejudice; and,

    (h)    that in the event that I should be found GUILTY of the charges against me, I would have the right to appeal my conviction on such charge to a higher court.

8.    I understand, also, that if I plead GUILTY, I waive the right to indictment and trial by jury and all the other rights mentioned above.

9.    Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

    (a)    I agree to plead guilty to Count 1 of the Indictment which alleges a violation of Title 18, United States Code, Section 2251(a).

    (b)    I admit the following facts:

During August 2009, I used, persuaded, induced and enticed Jane Doe No. 1, a minor, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce. Specifically, I took sexually explicit photographs of Jane Doe No. 1 using my Motorolla cell phone, which had been manufactured outside the state of Indiana and had traveled in interstate commerce before it came into my possession. I admit that Jane Doe No. 1 was a minor that was under my care or supervisory control. Furthermore, one or more of these sexually explicit photographs of Jane Doe No. 1 were transmitted to another minor, Jane Doe No. 2 in interstate commerce by texting them to her using my Motorolla cell phone when she was at a wedding outside the state of Indiana. Finally, I admit that my actions described above took place in the federal Northern District of Indiana.

    (c)    I understand that a violation of Title 18, United States Code, Section 2251(a), carries a term of imprisonment of **a mandatory minimum 15 years and not more than 30 years**; a term of supervised release of **not less than 5 years and up to life**; a fine of $250,000 and a mandatory special assessment of $100.00, and that as a term of sentencing I may also be ordered to pay restitution to any identified victims of the offenses charged

in the indictment;

(d)   I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed on me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines;

(e)   I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, **I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255**;

(f)   I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.  Further, the defendant acknowledges that he has received all discovery required by law prior to the entry of this plea and that he has reviewed the same with his attorney.

(g)   I have discussed or will discuss fully, truthfully, and candidly my knowledge of all criminal activities with representatives of the United States Attorney's Office for the Northern District of Indiana and any other law enforcement agency if requested to do so by the United States Attorney's Office for the Northern District of Indiana.  If requested to do so by the United States Attorney's Office for the Northern District of Indiana, I will testify truthfully, candidly, and completely in grand jury proceedings in the Northern District of Indiana and elsewhere.  Also, if requested to do so,

        I will testify truthfully, candidly and completely in any trials or other judicial proceedings. In addition, I will provide to the United States Attorney's Office for the Northern District of Indiana such corroboration as I possess or is under my control;

(h) I agree that if requested by the Government, I will cooperate fully with a psychosexual evaluation for the purpose of evaluating the risk I pose to children and other purposes, as described by the Practice Standards and Guidelines (Adult Male Sexual Abusers) of the Association for the Treatment of Sexual Abusers ("ATSA") (2005 edition). I agree to give honest responses to any questions or inquiries associated with this evaluation. I agree with the Government that this evaluation will be conducted by a practitioner certified by the ATSA to conduct these evaluations.

(i) In further consideration for my plea of Guilty to Count 1 of the Indictment, the government, pursuant to the Federal Rules of Criminal Procedure 11(c) agrees to make the following **non-binding** recommendations:

    (1.) To make, pursuant to the Federal Rules of Criminal Procedure 11(c), a recommendation that I receive a two (2) level reduction for acceptance of responsibility pursuant to § 3El.1(a). The government further agrees to make a motion under § 3E1.1(b) for an additional one (1) level reduction for acceptance of responsibility in the event defendant's applicable offense level is found to be a Level 16 or greater. I understand that the government's obligation to recommend acceptance of responsibility pursuant to this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility. Should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct such as the personal use of controlled substances, I further understand that the government shall not be bound to recommend the reduction based upon acceptance of responsibility;

    (2.) The above-mentioned agreement to recommend the maximum reduction in offense level for acceptance of responsibility is a **non-binding** recommendation pursuant to Rule 11 (c). The Court is not bound by these recommendations, and **I AM NOT ENTITLED TO WITHDRAW MY GUILTY PLEA** if the Court decides not to accept this recommendation;

5

(j)   I acknowledge that there are no grounds for any downward sentencing departures under the guidelines by me and agree that I will not seek any such downward departures under the guidelines in this case other than what is contained in this plea agreement.  I also agree not to argue for a sentence less than the guideline sentencing range based on the statutory sentencing factors contained in 18 U.S.C. § 3553;

(k)   Pursuant to 18 U.S.C. § 2253(a) I further agree to forfeit to the United States each item listed in Attachment A to the Forfeiture Allegation of the Indictment, which is also attached to this petition. I admit that each item listed in Attachment A hereto was personal property used to or intended to be used in the commission of the acts alleged in the Count 1 of the Indictment and further agree that these items were in my sole possession, that I am the sole owner of those items, that I relinquish my rights to these items and also relinquish notice in any proceedings concerning these items and will execute whatever documents are necessary to accomplish this forfeiture if so requested by the government;

(l)   The government agrees to dismiss Counts 2 to 7, of the Indictment when I am sentenced on Count 1;

(m)   Other than what is contained in this plea agreement, no predictions, promises or representations have been made to me as to the specific sentence that will be imposed.

10.   I am prepared to state to the Court my reasons based on the facts in this matter that cause me to believe that I am GUILTY as charged.

11.   I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

12.   I declare that I offer my plea of GUILTY freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this petition, nor have I been threatened in any way by anyone to cause me to plead GUILTY in accordance with this petition.

13. I understand and acknowledge that this petition, once filed with the Court, is a public document and available for public viewing.

        S/ John Harris

        _____
        JOHN R. HARRIS
        Defendant

        S/ David P. Jones

        _____
        David P. Jones
        Attorney for Defendant

APPROVED:

    DAVID A. CAPP
    UNITED STATES ATTORNEY

    s/ John M. Maciejczyk
By: _____
    John M. Maciejczyk
    Assistant United States Attorney

**Attachment A**

All items seized at 27815 Plainfield Drive, in Elkhart, Indiana 46514 , during the search conducted on September 3, 2009, including the following:

1. 1 IBM 76.8 GB harddrive, serial # YSG5V552;
2. 1 Sony digital 8mm camera, serial # 1321131;
3. 1 e-machine computer, serial #  GCJ7310007767;
4. Kodak ESP3 printer, serial # CN1K23308075293H2286;
5. 1 e-Machine computer, serial # XC68140008782;
6. Black Motorolla Hint QA30 cell phone, serial # h945jy3stph94g0rs021f4f ;
7. Blue Motorolla Blue Razor cell phone, serial #  H73jjs5fcs;
8. Blue Motorolla Blue Razor cell phone, serial #  f55gjcdrn8.