UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOHN R. HARRIS, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:12-CV-127 RM |
| | ) | (Arising out of 3:09-CR-112 RM) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## OPINION and ORDER

John Harris pleaded guilty to sexual exploitation of a minor, in violation of 18 U.S.C. 2251(a)(one of seven counts charged in the superceding indictment), and was sentenced to 326 months' imprisonment. Mr. Harris is now before the court requesting that his sentence be vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Mr. Harris's plea agreement reveals that he was told of and understood the maximum sentences for the offense to which he was pleading guilty, and that he

waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding. The plea agreement was signed by Mr. Harris, his attorney David Jones, and Assistant United States Attorney John Maciejczyk and contained the following language in paragraph 9:

> (c) I understand that a violation of Title 18, United States Code, Section 2251(a), carries a term of imprisonment of **a mandatory minimum 15 years and not more than 30 years**; a term of supervised release of **not less than 5 years and up to life**; a fine of $250,000 and a mandatory special assessment of $100.00, and that as a term of sentencing I may also be ordered to pay restitution to any identified victims of the offenses charged in the indictment.
>
> (d) I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed on me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.
>
> (e) I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, **I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742, or in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255**.

(Emphasis in original).

Despite the waivers and admissions in his plea agreement, Mr. Harris now challenges his sentence contending that his attorney provided ineffective assistance at sentencing when he "failed to make necessary objections to the application under 18 U.S.C. § 3553, or the fact of the age of consent of the alleged minor girls," and that his sentence was "very harsh."

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005), when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000), or when the sentence is greater than the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005).

Mr. Harris said at his change of plea hearing that his plea was knowing and voluntary, that he had read and understood the terms of the plea agreement, that he told his counsel everything counsel needed to know to represent him in this case, that he had discussed the plea agreement with his counsel before the plea hearing, that he understood he was giving up his right to appeal or otherwise challenge his sentence, and that he was satisfied with the representation his counsel had provided. Mr. Harris also told the court that he understood what the maximum penalties were for the offense to which he was pleading, that the court

3

had the authority to impose any sentence within the statutory maximum set for his offense, and that no one had made any promises or predictions, other than those contained in the plea agreement and the predictive review of the sentencing guidelines, as to what his sentence would be.

Mr. Harris's sworn statements at the change of plea hearing are presumed to be truthful, Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000), and the record supports a finding that his guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The plea agreement clearly and unambiguously sets forth the wavier of Mr. Harris's right to appeal and to file a § 2255 petition, the court explained the waiver to him during the plea colloquy, and he acknowledged that he understood. Because Mr. Harris's plea was informed and voluntary, the waiver of his right to appeal or to file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

To the extent Mr. Harris contends that he was provided ineffective assistance because his attorney didn't challenge the court's findings under 18 U.S.C. § 3553, or address the issue of consent, his claims lack merit, don't relate to the negotiation of the waiver of his right to appeal, and are foreclosed by the plea agreement.[1] United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005).

---

[1] The victims in this case were under the age of eighteen and were "minors" as defined in 18 U.S.C. § 2256(1).

4

While a sentence greater than the statutory maximum sentence for a defendant's crime can be challenged even if the defendant executed a blanket waiver of his appeal rights, United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005), Mr. Harris was sentenced to 326 months (28 years). That sentence was within the statutory maximum and the advisory guideline range.

Mr. Harris isn't entitled to the relief he seeks. Accordingly, the court SUMMARILY DISMISSES his petition filed pursuant to 28 U.S.C. § 2255 [Doc. No. 106].

SO ORDERED.

ENTERED:  March 21, 2012 


　　　　　　　　　　　　　　　　 /s/ Robert L. Miller, Jr.    
　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　United States District Court

cc:　　J. Harris
　　　　AUSA Maciejczyk